UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No. 8:14-CR-519-T-27EAJ

"IN CAMERA"

PABLO HURTADO-MARTINEZ

_____/

## SENTENCING MEMORANDUM

**COMES NOW**, the Defendant, Mr. Pablo Hurtado-Martinez ("the Defendant"), by and through his undersigned attorney, Mr. Adam J. Nate, pursuant to *18 U.S.C. §§ 3553* and *3551* and the *United States Sentencing Guidelines* (*"U.S.S.G."*), hereby files this Sentencing Memorandum in support of his request for a reasonable sentence that is no greater than necessary to comply with the purposes of sentencing enumerated in *18 U.S.C. § 3553*.

As grounds for this request, the Defendant states the following:

### FACTUAL AND PROCEDURAL HISTORY

The Defendant was born on August 17, 1977, in Niqui Choco, Colombia. *Presentence Investigation Report* ("*PSR*") ¶ 34. He was raised in a condition of poverty, and he frequently did not have enough food to eat. *Id.* Thinking and focusing in school was difficult due to the Defendant's near-constant hunger, and his studies were affected to the point that he dropped out of school at a young age

1

in order to work as a fisherman and feed himself and his family. *Id.* He has continued to work as a fisherman ever since. *PSR ¶ 57 – 58.* When the Defendant was seventeen his parents separated and he moved to a different town and lived with his aunt. *Id.* The Defendant later met and began a relationship with Marly Renteria Mosquera. *PSR ¶ 46.* He and Ms. Mosquera are still together and have two children, eight-year-old Laury Bridgette Hurtado and seven-year-old Juan David Hurtado . *PSR ¶¶ 46 – 47.* Ms. Mosquera also has a child from a previous relationship, eleven-year-old Caroline Diana Ortoñez, who the Defendant helped to raise. *PSR ¶ 47.* The Defendant's son, Juan, has various health problems related to herniation and asthma. *PSR ¶ 48.* In addition to fishing, the Defendant would sometimes find work as a construction laborer. *PSR ¶ 58.* However, to date, the Defendant has no significant assets or liabilities, and is financially insolvent. *PSR ¶ 60 – 61.*

On December 10, 2014, a federal grand jury in the Middle District of Florida, Tampa Division, returned a two-count Indictment that charged the Defendant, and two other co-defendants, with conspiring to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of *46 U.S.C. §§ 70503(a)(1), 70506(a) and (b)*, and *21 U.S.C. § 960(b)(1)(B)(ii)*. *PSR ¶ 1 – 3.* On February 10, 2015, the Defendant, after timely notifying the United States Attorney's Office for the Middle District of

Florida, Tampa Division ("the United States"), of his intention to enter a plea of "Guilty," pled "Guilty" to Count One of the Indictment pursuant to a written plea agreement with the United States, clearly demonstrating his acceptance of responsibility for his part in the charged offenses. *PSR* ¶ *5*. Pursuant to the written plea agreement between the Defendant and the United States, the United States will recommend a three-level reduction in the Defendant's Base Offense Level given the Defendant's acceptance of responsibility consistent with *U.S.S.G. §3E1.1*. *PSR* ¶ *7*. At the time of sentencing, the United States will advise the Court as to the nature and extent of the cooperation and assistance provided by the Defendant pursuant to the cooperation arrangement set out in the written plea agreement between the Defendant and the United States. *PSR* ¶ *9*. The Defendant did meet and cooperate with law enforcement agents, and truthfully told them everything that he knew related to his case and charges. His assistance to, and collaboration with, law enforcement agents was forthright and meaningful. While the Defendant hopes the United States will consider his assistance to law enforcement authorities substantial and recommend a downward departure pursuant to *U.S.S.G. §5K1.1*, he understands such a recommendation remains in the sole discretion of the United States.

## MEMORANDUM OF LAW

The statutory minimum term of imprisonment the Defendant can receive, absent a recommendation to the Court by the United States for a downward departure pursuant to *U.S.S.G. §5K1.1*, is 120 months (10 years) and the maximum term is life imprisonment. The PSR calculated the Defendant's Advisory Guideline Range and concluded the Defendant's Total Offense Level is 33, his Criminal History Category is I, and his imprisonment range is 135 – 168 months (11.25 years – 14 years). However, the factors given in *18 U.S.C. 3553(a)* warrant a sentence below the Advisory Guideline Range.

This Court must consider the factors set forth in *18 U.S.C. § 3553(a)* in determining the Defendant's sentence. Considering each of the relevant factors in light of this case, and the Defendant's life and background, the Defendant should be sentenced to the statutory mandatory-minimum of 120 months (10 years) in prison. The Defendant committed a federal crime, and he admitted his involvement in a timely manner. However, the nature and circumstances of his offense and his personal history and characteristics weigh in favor of a sentence below the Advisory Guideline Range. While the Defendant's conduct was wrong, it was not violent in nature. Nor was his involvement in the conspiracy remotely sophisticated.

In addition to the lack of violence and lack of sophistication used in this case, the Court should also consider that, under the parsimony principal, which requires a district court to "assign a sentence 'sufficient, but not greater than necessary to comply with the purpose' of sentencing" set forth in *18 U.S.C. § 3553(a)(2)*, the sentence in this case should be the minimum necessary to accomplish the listed purposes. Each of the purposes listed by *§ 3553(a)(2)* would be achieved with a sentence of 120 months in prison. With regard to a just punishment and deterrence, the Defendant's actions were no doubt morally wrong, legally forbidden, and misguided, and a sentence of 120 months would effectively and adequately punish the Defendant. Such a sentence would also deter him from returning to such unlawful and immoral activities in the future, no matter how desperate he became, and would lead both the Defendant and the general public to seriously consider the behavior they choose to engage in.

## CONCLUSION

For the reasons stated herein, and absent a recommendation to the Court by the United States for a downward departure pursuant to *U.S.S.G. §5K1.1*, the Defendant respectfully urges this Court to impose a sentence of 120 months (10 years) in prison. Such a sentence will be reasonable under the statutory circumstances and will adequately take into account the *U.S.S.G.* and the factors set forth in *18 U.S.C. § 3553(a)*.

**WHEREFORE**, the Defendant, Mr. Pablo Hurtado-Martinez, respectfully requests a sentence of 120 months in prison, which is a reasonable sentence that is no greater than necessary to comply with the purposes of sentencing enumerated in *18 U.S.C. § 3553*.

DATED this 30th day of April, 2015.

Respectfully submitted,

DONNA LEE ELM
FEDERAL DEFENDER

/s/ Adam J. Nate
Adam J. Nate
Florida State Bar No. 0077004
Assistant Federal Defender
400 North Tampa Street
Suite 2700
Tampa, Florida 33602
Telephone: 813-228-2715
Fax: 813-228-2562
Email: Adam_Nate@fd.org

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 30th day of April, 2015, a true and correct copy of the foregoing was furnished by the CM/ECF system with the Clerk of the Court, which will send a notice of the electronic filing to:

AUSA James R. Zoll

/s/ Adam J. Nate
Adam J. Nate
Assistant Federal Defender